UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                Plaintiff,

-against-

YESHIVAT BETH HILLEL OF KRASNA, INC., M.G.
a minor, by his parents and lawful guardians, RAMI
GARBER and OLIVIA GARBER, and RAMI GARBER
and OLIVIA GARBER in their individual capacities,

                Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

16-CV-5096 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

Before the court is Plaintiff Philadelphia Indemnity Insurance Company's ("Philadelphia") motion to reconsider the court's February 7, 2019 memorandum and order (Mem. & Order ("M&O") (Dkt. 32)), which denied Philadelphia's motion for summary judgment. (Pl. Mot. for Recons. ("Mot.") (Dkt. 34).) For the following reasons, Philadelphia's motion is DENIED.

## I. PROCEDURAL HISTORY[1]

The parties in this case assert counter-claims for declaratory judgment about an insurer's duty to defend and indemnify in an underlying dispute involving an auto collision (the "Garber Action"). Philadelphia, the insurer, initiated this action for declaratory judgment against two groups of defendants: (1) Yeshivat Beth Hillel of Krasna, Inc. ("Yeshivat"), which is the insured party and the defendant in the Garber Action; and (2) the plaintiffs in the Garber Action (the "Garbers"): M.G. (a minor), and Rami and Olivia Garber (in their capacities as M.G.'s

---

[1] The court assumes the parties' familiarity with the underlying facts in this case, which were set forth in the M&O. (See M&O.)

1

parents/guardians, as well as in their individual capacities). (Compl. (Dkt. 1).) Yeshivat has asserted cross-claims against Philadelphia for declaratory judgment, plus fees and costs. (See Yeshivat Answer (Dkt. 15).)

On February 7, 2019, the court denied Philadelphia's motion for summary judgment for two independent and sufficient reasons. (See M&O.) First, Philadelphia failed to show that it timely disclaimed coverage for the Garber Action with the "high degree of specificity" that is required under New York law. (Id. at 11 (quoting New York v. Western Heritage Ins. Co., 98 F. Supp. 3d 557, 565 (E.D.N.Y. 2015)).) Philadelphia contended that a letter it sent to a Yeshivat employee on July 18, 2013 (the "Letter"), served to properly disclaim coverage. (See Letter (Dkt. 28-9).) The court disagreed because the Letter cited an inapplicable provision of Yeshivat's insurance policy (the "Policy") and noted two scenarios in which the Policy would not cover the Garber Action, neither of which occurred. (M&O at 10-11.) Second, Philadelphia failed to prove that the Policy does not cover the Garber Action. (Id. at 11-12.) Throughout the case, Philadelphia maintained that the Garber Action fell within the parameters of a particular provision in the Policy (the "Auto Exclusion"). (Letter at 12; Compl. ¶¶ 30, 35; Philadelphia Mem. in Supp. of Mot. for Summ. J. (Dkt. 28-1).) Philadelphia failed to prove this. (See M&O at 10-12.) In the court's view, another provision in the Policy (the "Endorsement") supersedes the Auto Exclusion with respect to the Garber Action, and Philadelphia failed to prove that the Endorsement's terms—which were different from the Auto Exclusion's in that it replaced the word "loaned" with the word "hired"—excluded coverage for the Garber Action. (Id. at 12.)

On February 22, 2019, Philadelphia filed the instant motion. (Mot.) In its brief in support of its motion, Philadelphia contests only the court's second reason for denying it

2

summary judgment;[2] it does not challenge the court's finding that it failed to properly disclaim coverage. (See Mem.) Yeshivat and the Garbers filed separate briefs opposing the motion. (See Garbers Mem. in Opp'n to Mot. ("Garbers Opp'n") (Dkt. 40); Yeshivat Mem. in Opp'n to Mot. ("Yeshivat Opp'n") (Dkt. 41-1).) Philadelphia challenges the court's findings that there was no disclaimer in its reply briefs. (Philadelphia Reply to Garbers Opp'n ("Reply to Garbers") (Dkt. 44); Philadelphia Reply to Yeshivat Opp'n ("Reply to Yeshivat") (Dkt. 45).) According to Philadelphia, the Letter served as a proper disclaimer of coverage because it included several statements suggesting that the Policy might not cover an "auto loss" like the Garber Action, and even though the Letter cited the wrong Policy provision, the language in the second paragraphs of the Auto Exclusion and the Endorsement are identical. (Reply to Garbers at 1-3; Reply to Yeshivat at 4-5.)

## II. LEGAL STANDARD

"A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Kole Beth Yechiel Mechil of Tarikov, Inc. v. YLL Irrevocable Tr., 729 F. 3d 99, 104 (2d Cir. 2013) (quoting Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)). "It is well-settled that Rule 59 is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Analytical Surveys, Inc. v. Tonga Partners, LP., 684 F.3d 36, 52 (2d Cir. 2012) (citation and quotation marks omitted). "[T]he standard for granting a Rule 59 motion for reconsideration is strict, and reconsideration will

---

[2] Specifically, Philadelphia insists that (1) the Endorsement does not supersede, but instead expands, the Auto Exclusion and (2) the Endorsement's terms preclude coverage for the Garber Action because, while the first paragraph of the Endorsement does not appear to cover vehicles loaned to Yeshivat, the second paragraph makes clear that it does. (Philadelphia Mem. in Supp. of Mot. for Recons. ("Mem.") (Dkt. 35) at 1-5.)

3

generally be denied unless the moving party can point to controlling decisions or data the court overlooked." Id. (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995) (alternations adopted). "The burden is on the movant to demonstrate that the Court overlooked controlling decisions or material facts that were before it on the original motion and that might materially have influenced its earlier decision." Schoolcraft v. City of New York, 248 F. Supp. 3d 506, 508 (S.D.N.Y. 2017) (citation and quotation marks omitted); see also Levin v. Gallery 63 Antiques Corp., No. 04-CV-1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("Motions for reconsideration allow the district court to correct its own mistakes, not those of the [p]arties." (citations and quotation marks omitted)).

### III. DISCUSSION

To succeed on its motion for reconsideration, Philadelphia needed to persuade the court that each of the two bases for its denial of summary judgment were incorrect. (See M&O at 11 (noting that Philadelphia failed to prove that it properly attempted to disclaim coverage and that the Policy does not cover the Garber Action).) Philadelphia failed to do so.

#### A. Whether Philadelphia Properly Disclaimed Coverage

As a threshold matter, the court need not consider Philadelphia's arguments that it properly disclaimed coverage because Philadelphia raised them for the first time in its reply briefs. "It is well-established that arguments must be made in a party's moving brief, not in a reply brief." United States v. Jones, No. 15-CR-153 (VSB), 2018 WL 3599730, at *6 n.8 (S.D.N.Y. July 27, 2018) (citing, inter alia, United States v. Yousef, 327 F.3d 56, 115 (2d Cir. 2003)); see ABN Amro Verzekeringen BV v. Geologistics Americas, Inc., 485 F.3d 85, 97 n.12 (2d Cir. 2007) ("We decline to consider an argument raised for the first time in a reply brief."); United States v. Greer, 285 F.3d 158, 170 n.3 (2d Cir. 2002) (deeming an argument raised for the

first time in a reply brief to be waived). This alone is a sufficient reason to deny Philadelphia's motion.[3]

In any event, the arguments in Philadelphia's reply-brief are unpersuasive. The Letter is too equivocal and imprecise to have provided "clear notice to [Yeshivat] of the precise exclusion that the insurer invoke[d]," as New York law requires. See Atlantic Cas. Ins. Co. v. Coffey, 548 F. App'x 661, 664 (2d Cir. 2013) (summary order). The Letter cites the wrong exclusion.[4] (See M&O at 10-11.) As discussed in the M&O, the Letter noted two scenarios in which the Policy would not cover the Garber Action; neither occurred. (Id. at 10.) The more general statements that Philadelphia points to from the letter—e.g., "Please remember this is a general liability and not an auto policy" (Reply to Garbers at 2; Reply to Yeshivat at 4)—fail to "set forth the factual basis for the insurer's position that the claim fell within a policy exclusion with sufficient specificity to satisfy the statutory mandate and purpose." See Atlantic Cas. Ins. Co., 548 F. App'x at 664. In sum, the court sees no reason to reverse its prior decision that Philadelphia failed to properly disclaim coverage for the Garber Action. (See M&O at 9-11.)

---

[3] Contrary to Philadelphia's suggestion (Reply to Garbers at 2 n.1), the court's finding that Philadelphia failed to properly disclaim is not a new material issue raised in the non-movant's opposition. It was an independent and adequate basis for the decision that Philadelphia asks the court to reconsider. (See M&O at 11.) Thus, Philadelphia was required to address it in its moving brief.

[4] Philadelphia's insistence that the Endorsement merely expands, and does not replace, the Auto Exclusion with respect to the Garber Action is unpersuasive. (See Mem. at 2-3; Reply to Yeshivat at 4 n.1.) The Endorsement states, "With respect to the transportation of students, [the Auto Exclusion] is replaced by the following..." (Endorsement (Dkt. 29-7) at 1.) The term "replaced" indicates that the Auto Exclusion has no effect "[w]ith respect to the transportation of students." Whether Philadelphia intended that to be the case does not matter; what matters is the language of the Endorsement.

Further, the similarity between the language of the Auto Exclusion and Endorsement does not cure Philadelphia's deficient disclaimer. (See Reply to Garbers at 2-3; Reply to Yeshivat at 4-5.) A disclaimer must identify the "precise exclusion that the insurer invokes." Atlantic Cas. Ins. Co., 548 F. App'x at 664. Philadelphia cites no authority for the proposition that identifying a similar but inapplicable exclusion is sufficient.

## B. Whether the Policy Covers the Garber Action

As Philadelphia has not persuaded the court to reconsider the first basis for its M&O, the court need not address its arguments regarding whether the Policy does in fact cover the Garber Action. Two points bear noting, however. First, by not relying on the Endorsement at any point in this dispute until the instant motion, Plaintiff waived the Endorsement as a defense. (See M&O at 11 n.7.) See Olin Corp. v. Lamorak Ins. Co., 332 F. Supp. 3d 818, 850-51 (S.D.N.Y. 2018) ("The Second Circuit has held that under New York law, 'an insurer is deemed, as a matter of law, to have intended to waive a defense to coverage where other defenses are asserted, and where the insurer possesses sufficient knowledge (actual or constructive) of the circumstances regarding the unasserted defense.'" (quoting New York v. AMRO Realty Corp., 936 F.2d 1420, 1432 (2d Cir. 1991)). Second, insurers bear the burden of establishing that exclusions apply in a particular case, and any "[a]mbiguities in an insurance policy are to be construed against the insurer." Dean v. Tower Ins. Co. of N.Y., 979 N.E.2d 1143, 1145 (N.Y. 2012). While the court continues to reserve judgment on what the Endorsement's terms do and do not exclude (see M&O at 12), Philadelphia failed to satisfy its burden in its summary-judgment briefs.[5] The court's denial of Philadelphia's summary-judgment motion was certainly

---

[5] As Yeshivat notes, the Endorsement differs from the Auto Exclusion in only one material way: it replaces the word "loaned" with the word "hired." (See Yeshivat Opp'n at 3.) This suggests that the Endorsement provides coverage for vehicles loaned to Yeshivat, but not vehicles "hired" by Yeshivat. Such a reading is consistent with an article Philadelphia cites, which states that the Endorsement is meant to exclude coverage where schools "hire" bus companies to transport their students, but does not contemplate situations where a school loans a bus. (See Mem. at 2 (citing Oct. 10, 2014 Article (Dkt. 36-1)).)

As Philadelphia notes (Mem. at 3-5; Reply to Garbers at 4-5; Reply to Yeshivat at 2-3), the second paragraph of the Endorsement replaces the word "hired" with the words "rented" or "loaned." (Endorsement at 1.) Adding to the confusion, the Endorsement's second paragraph states that coverage is excluded for claims that "allege negligence or other wrongdoing in the supervision, hiring, employment, training or monitoring of others." (Endorsement at 1.) The complaint in the Garber Action alleges that Yeshivat was negligent in the "supervision, instruction, hiring, and disciplining of the bus drivers." (Garber Action Compl. (Dkt. 46-5).) But that is only one allegation among many in the Garber Action complaint. (See id.) Even if the Endorsement excluded coverage for claims arising from that particular allegation, that does not necessarily mean that it would exclude coverage for the Garber Action as a whole.

not "clear error" or a "manifest injustice." Kole Beth Yechiel Mechil, 729 F. 3d at 104 ("A motion for reconsideration should be granted only when the [moving party] identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" (quoting Virgin Atl. Airways, 956 F.2d at 1255)).

## IV. CONCLUSION

For the foregoing reasons, Philadelphia's (Dkt. 34) motion for reconsideration of the court's February 7, 2019 M&O is DENIED.

SO ORDERED.

s/Nicholas G. Garaufis

Dated: Brooklyn, New York
July 3/, 2019

NICHOLAS G. GARAUFIS
United States District Judge