UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────
PHILADELPHIA INDEMNITY INSURANCE
COMPANY,

                Plaintiff,

-against-

YESHIVAT BETH HILLEL OF KRASNA, INC.;
M.G., a minor, by his parents and lawful
guardians RAMI GARBER and OLIVIA
GARBER; OLIVIA GARBER, individually; and
RAMI GARBER, individually,

                Defendants.
───────────────────────────────

**ORDER**
16-CV-5096 (NGG) (CLP)

NICHOLAS G. GARAUFIS, United States District Judge.

This action concerns Plaintiff Philadelphia Indemnity Insurance Company's ("Philadelphia") obligations under a general liability policy (the "Policy") it issued to Defendant Yeshivat Beth Hillel of Krasnia, Inc. ("Yeshivat"). In brief, Philadelphia seeks a declaratory judgment that it is not obligated to defend or indemnify Yeshivat in connection with a separate state-court action (the "Underlying Action") brought by Defendants M.G., Rami Garber (together, the "Garber Defendants"), and Defendant Olivia Garber[1] to recover damages for injuries allegedly suffered by M.G. as a result of being struck by a school bus transporting Yeshivat students (the "Accident"). (*See generally* Compl. (Dkt. 1); Am. Verified Compl. *M.G., a Minor, by his Parents and Lawful Guardians v. Yeshivat Beth Hillel of Krasna, Inc.*, Index No. 9318/2013 (Kings Cty. Sup. Ct. July 16, 2013) (Dkt. 1-5 at ECF 3-13).) Yeshivat brings counterclaims for a declaratory judgment that

---

[1] Olivia Garber has not appeared in this action.

Philadelphia is obligated to defend and indemnify it in the Underlying Action and to recover attorneys' fees expended in connection with this action. (*See* Answer & Countercl. (Dkt. 15).)

On February 8, 2019, this court denied Philadelphia's motion for summary judgment, holding, *inter alia*, that Philadelphia had, as a matter of law, failed to properly disclaim coverage under New York Insurance Law § 3420(d) and had therefore waived its right to invoke the policy exclusion that it argued applied to bar coverage for the Accident. *See Philadelphia Indem. Ins. Co. v. Yeshivat Beth Hillel of Krasna, Inc.*, No. 16-cv-5096 (NGG), 2019 WL 499765, at *5 (E.D.N.Y. Feb. 8, 2019) ("*Philadelphia I*").[2] Philadelphia subsequently moved for reconsideration of this order, which this court denied on July 31, 2019, affirming that Philadelphia's reservation of rights letter was "too equivocal and imprecise to have provided clear notice to Yeshivat of the precise exclusion that the insurer invoked." *Philadelphia Indem. Ins. Co. v. Yeshivat Beth Hillel of Krasna, Inc.*, No. 16-cv-5096 (NGG), 2019 WL 3500944, at *2 (E.D.N.Y. July 31, 2019) ("*Philadelphia II*").

Now before the court are Yeshivat's and the Garber Defendants' respective motions for summary judgment. (*See* Yeshivat Mot. for Summ. J. (Dkt. 48); Yeshivat Mem. in Supp. ("Yeshivat Mem.") (Dkt. 48-2); Garber Mot. for Summ. J. (Dkt. 49); Garber Mem. in Supp. ("Garber Mem.") (Dkt. 51).) Both argue that the court's prior decisions are law of the case and that the holding of those decisions entitles them to summary judgment. For the reasons discussed herein, the court agrees and grants both motions.

At the outset, the court assumes familiarity with the facts of this case, which are set forth in its prior order. *See Philadelphia I*, 2019

---

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted and all alterations are adopted.

WL 3500944, at *1-3. These facts are not in dispute[3] and this matter may thus be resolved as a matter of law. *See Wausau Underwriters Ins. Co. v. QBE Ins. Corp.*, 496 F. Supp. 2d 357, 360 (S.D.N.Y. 2007) (collecting cases); Fed. R. Civ. Pro. 56(a).

Under New York law, an insured bears the initial burden of proving that the loss falls within the general coverage provision of the subject policy, at which point the burden shifts to the insurer to prove that a specific exclusion applies to bar coverage. *See, e.g., Spandex House, Inc. v. Hartford Fire Ins. Co.*, 407 F. Supp. 3d 242, 250 (S.D.N.Y. 2019). Under New York Insurance Law § 3420(d), an insurer who wishes to disclaim coverage on the basis of an exclusion must "apprise the claimant with a high degree of specificity the ground or grounds on which the disclaimer is predicated." *Ability Transmission, Inc. v. John's Transmission, Inc.*, 55 N.Y.S.3d 367, 368 (2d Dep't 2017). Further, an insurer is barred from later asserting the applicability of any exclusion not invoked with the requisite degree of specificity "even if that ground would otherwise have merit." *Id.; see also Amro,* 936 F.2d at 1431.

---

[3] Philadelphia endeavors to dispute some of these facts on this motion. In nearly every instance, however, it fails to support these purported disputes with specific citations to admissible evidence as required by Local Rule 56.1(d). (*See generally* Philadelphia Resp. to Yeshivat and Garber R. 56.1 Stmt. (Dkt. 48-12).) Moreover, Philadelphia's opposition rests entirely on legal argument regarding the effect of its purported disclaimer of coverage and the applicability of certain policy exclusions (*see generally* Philadelphia Mem. in Opp. to Mots. (Dkt. 48-13)), both of which present questions of law. *See, e.g., State of N.Y. v. Amro Realty Corp*, 936 F.2d 1420, 1431 (2d Cir. 1991) ("New York law establishes that an insurer is deemed, as a matter of law, to have intended to waive a defense to coverage when other defenses are asserted, and where the insurer possesses sufficient knowledge . . . of the circumstances regarding the unasserted defense."); *Peerless Ins. Co. v. Tech. Ins. Co., Inc.*, 392 F. Supp. 3d 313, 316 (E.D.N.Y. 2019) ("The construction of an insurance contract is ordinarily a matter of law to be determined by the court."). Accordingly, and having independently reviewed the record and discerned no basis to conclude otherwise, the court concludes the material facts are undisputed.

As to the insured's initial burden, no party explicitly contests that the Accident and Underlying Action fall within the Policy's general coverage provision, which broadly insures Yeshivat against liability for claims of "bodily injury." (*See* Policy (Dkt. 48-7) at 144, 162.) This court thus holds that, as a matter of law, the Underlying Action triggers Philadelphia's duty to defend and the Accident (if Yeshivat's liability is proven) triggers its duty to indemnify under the general coverage provision of the Policy.

Here, the burden ordinarily would shift to Philadelphia to show that an exclusion applies. However, as discussed *supra*, this court previously held that Philadelphia failed to properly invoke (and was thus estopped from asserting) the exclusion on which it purported to rely, and that the exclusion that it had properly invoked does not bar coverage. This holding constitutes the law of the case and the court declines Philadelphia's invitation to revisit it for a third time. *See, e.g.*, *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) ("The law of the case doctrine, while not binding, counsels a court against revising its prior rulings in subsequent stages of the same case absent 'cogent' and 'compelling' reasons."). Thus, to the extent that Philadelphia might otherwise have a valid defense to coverage, it cannot raise that defense in this action. This being the case, and since there is no question that the Policy responds to the Underlying Action absent a valid exclusion, Defendants are entitled to summary judgment.

Yeshivat also seeks summary judgment on its claim for attorneys' fees. Under New York law, "an insured cast in a defensive posture by the legal steps an insurer takes in an effort to free itself from its policy obligations may recover attorneys' fees and expenses incurred in defending against the insurer's affirmative action to settle its rights where the insured prevails in that action." *United States Underwriters Ins. Co. v. Image by J & K, LLC*, 335 F. Supp. 3d 321, 347 (E.D.N.Y. 2018) (collecting cases). That rule applies here, and Yeshivat is therefore entitled to fees incurred in connection with this action.

For the foregoing reasons, the Court GRANTS the Defendants' respective motions for summary judgment (Dkts. 48, 49) and declares that Plaintiff is obligated to defend and indemnify Defendant Yeshivat Beth Hillel of Krasna, Inc. in connection with the Underlying Action. Plaintiff is also obligated to reimburse Yeshivat Beth Hillel of Krasna, Inc. for attorneys' fees incurred in connection with this action. If Yeshivat Beth Hillel of Krasna, Inc. wishes to move for attorneys' fees, it is DIRECTED to confer with Plaintiff and submit a proposed briefing schedule for that motion.

SO ORDERED.

Dated:     Brooklyn, New York
               March 30, 2020

                                           /s/ Nicholas G. Garaufis
                                           NICHOLAS G. GARAUFIS
                                           United States District Judge